**Louis Dileski, Plaintiff in Error, v. Chicago Ship Building Company, Defendant in Error.**

**Gen. No. 13,949.**

1. INSTRUCTIONS—*effect of exclusion of defense of assumed risk.* If the evidence tends to establish the defense of assumed risk, it is error not to submit such question to the consideration of the jury.

2. NEGLIGENCE—*when question of, one of law.* It is only when the conclusion of negligence results from a fact which the court can say as a matter of law constitutes negligence, that the question of negligence becomes one of law.

3. NEGLIGENCE—*what not, as a matter of law.* It is not negligence as a matter of law to suspend an empty box by a single hook and chain.

Action in case for personal injuries. Error to the Superior Court of Cook County; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed December 18, 1908. Rehearing denied and opinion modified and refiled January 8, 1909.

KRUSE & PEDEN, for plaintiff in error.

CALHOUN, LYFORD & SHEEAN for defendant in error; R. J. SLATER and EDWARD W. RAWLINS, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings before us for review the

record of a judgment for the defendant, on a directed verdict for the defendant, in an action on the case for personal injuries alleged by the plaintiff to have been sustained by him through the negligence of the defendant. To the declaration the defendant pleaded not guilty.

The defendant was engaged in removing from the hold of a large vessel dirt and debris which had accumulated there during its construction. The vessel had three decks: a tank deck at the bottom of the hold, a main deck and above that a spar deck. In the spar deck was a large hatch, and below that hatch in the main deck was another hatch. To hoist the dirt from the hold to the spar deck, two boxes were used, each six feet by four, eighteen inches deep and open at one end. The dirt was brought under the hatch by one set of men, and another set shoveled it into the boxes. When a box was filled it was hoisted by steam power by means of a rope passing over a pulley attached to the boom of a crane or derrick which was above the spar deck. Attached to the closed end of a box and on each side was an iron hook. To the lower end of the hoisting rope were attached three chains, each with a ring at its lower end. The hoisting rope was made fast to a box by hooking each of said rings into a hook on the box. The perpendicular part of the hook is called the shank or standing part. The opposite end is called the point. As one box was hoisted another was lowered. The chains were then unhooked, the box filled and the rings then again hooked into the hooks. When a box was hoisted to the spar deck it was swung around to the proper place, lowered so that it rested on something, the side chains were unhooked, the closed end of the box raised and the box unloaded. The empty box was then swung around and lowered into the hold through the hatches, suspended by only one chain. Plaintiff was one of five or six men who were at work under the hatches

filling the boxes. While he was so at work an empty box which was being lowered, suspended by one chain, struck against the coaming, the raised edge of the spar deck hatch. The box continued to descend for a few feet when the ring slipped off from the hook and the box fell to the bottom of the hold, striking and seriously injuring the plaintiff. When the plaintiff rested his case the court, on motion of defendant, directed a verdict for the defendant, overruled plaintiff's motion for a new trial, and entered judgment on the verdict.

The declaration averred, *inter alia,* that the defendant negligently, etc., furnished and used in hoisting said boxes appliances which were unfit, unsafe and dangerous. The principal contention of plaintiff in error is that the point of the hook which was attached to the end of the box which fell was so worn and bent that it was unfit, unsafe and dangerous, and that by reason thereof the ring slipped off from the hook and the box fell.

The contention of defendant in error is, first, that the evidence fails to show that there was anything defective, unsafe or dangerous in the appliances, or in the method used and employed by the defendant, and second, that the risks and dangers, if any there were, were such as were assumed by the plaintiff.

Yartin, the foreman of the men employed in the hold of the vessel, testified that the spar deck was about twenty feet above the men in the hold; that he saw the box as it was coming through the spar deck hatch; that it "struck the hatch coaming, and kept wabbling and finally wiggled itself off and fell; * * * that it wabbled and wabbled until it worked off the hook." He further testified that he examined the hook immediately after the accident and found that it was so bent that the point was at right angles with the shank, and also that the hook was made of seven-eighths iron and the point had been worn down to about five-eighths.

Peterson testified that he was working with the plaintiff when he was injured; that he noticed the hook the day before; that it looked then like a hook that had been straightened out; that he saw that it was "bent out" the first time he saw the box on the morning of the accident. This evidence tended to show that the point of the hook was bent, and we think that the question whether it was reasonably safe for the purpose for which it was used and intended, was a question which should have been submitted to the jury, and we also think that under the evidence, the question whether the defendant exercised reasonable care to have and keep the hook in a reasonably safe condition was also a question which should have been submitted to the jury.

The plaintiff had not worked in the hold of the vessel before the day of the accident. He had worked there three or four hours before he was injured. He had hooked a ring into a hook of a box once, or perhaps more than once. But it does not appear that he had ever hooked a ring into a hook at the end of a box nor that he had hooked any ring into a hook of the box which fell, for there were two boxes used. He testified that he did not know that the hook was worn or bent. He was at the bottom of the hold of a vessel shoveling dirt into boxes. It was not shown how the hold was lighted. He was not bound to make a critical examination of each hook to ascertain its condition. We cannot say that the defect in the hook, if it was defective, was under the circumstances disclosed by the evidence, so plainly visible, so open to the observation of the plaintiff as to charge him with knowledge of the defect and danger. We think that the question whether the plaintiff assumed the risk of the danger attendant on the use of the hook should have been submitted to the jury under proper instructions.

It is further contended that the act of lowering the empty box, suspended by a single hook and chain, was negligence; that such negligence was the proximate

cause of plaintiff's injury; that as such act was the act of a fellow-servant of the plaintiff, he could not recover against the defendant, and that therefore the direction to find for the defendant was proper. This contention is necessarily based on the contention that such act was negligence as a matter of law. It is only when the conclusion of negligence necessarily results from a fact that the court can say, as a matter of law, that such fact amounts to or is negligence.

To raise the uncovered box filled with loose articles it was necessary, to prevent articles from falling out, that the box be kept level, and to keep it level it was necessary that it be suspended by three hooks and chains. When the box was emptied of its contents it was no longer necessary to keep it level. It is a matter of common observation and knowledge that in raising and lowering boxes, bales, casks, iron columns, and other heavy articles by a block and tackle a single tackle is commonly used. In our opinion the trial court could not properly hold that it was negligence, as a matter of law, to suspend the empty box by a single hook and chain, and upon such holding base a direction to find for the defendant. We think that the court erred in directing a verdict, and the judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*